1  HORACE W. GREEN, BAR NO. 115699
   hgreen@bpbsllp.com
2  CONNOR M. DAY, BAR NO. 233245
   cday@bpbsllp.com
3  BUCHMAN PROVINE BROTHERS SMITH LLP
4  1333 N. California Blvd., Suite 350
   Walnut Creek, California  94596
5  Telephone:    925 944 9700
   Facsimile:    925 944 9701
6
7  Attorneys for Defendant
   Kenworth Truck Company, an unincorporated
8  division of PACCAR, Inc.

9                    UNITED STATES DISTRICT COURT

10                  EASTERN DISTRICT OF CALIFORNIA

11

12
   Louis Mocettini,                          Case No.
13
              Plaintiff,                      **NOTICE OF REMOVAL FROM STATE**
14                                            **COURT TO FEDERAL DISTRICT COURT**
        v.                                    **UNDER 28 U.S.C. § 1441**
15                                            **(Diversity Jurisdiction)**
   Kenworth Truck Company, a division of
16 PACCAR, Inc., and Does 1 through 25,
   inclusive,
17
              Defendants.
18

19

20       TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
21 EASTERN DISTRICT OF CALIFORNIA:
22       Kenworth Truck Company, an unincorporated division of PACCAR, Inc. (hereinafter
23 "Kenworth"), gives Notice of Removal of Plaintiff Louis Mocettini's ("Plaintiff") complaint from
24 the state court and respectfully shows:
25 1.      On April 3, 2013, an action was commenced in the Superior Court of the State of
26 California, County of Sacramento, Case No. 34-2013-00142696, entitled *LOUIS MOCETTINI,*
27 *Plaintiff, vs. KENWORTH TRUCK COMPANY, A DIVISION OF PACCAR, INC. and DOES 1*
28

312472.1

NOTICE OF REMOVAL            (Case No.         )

BUCHMAN PROVINE BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

BUCHMAN·PROVINE BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

1  *through 25, inclusive, Defendants* (hereinafter referred to as the "Complaint").   (A true and

2  correct copy of the Complaint is attached hereto as EXHIBIT "A.")

3  2.     No further proceedings have been had in the state court action, however, the Court has set

4  an initial case management conference on September 19, 2013 at 8:30 a.m. in Department 36 of

5  the Superior Court of the State of California, County of Sacramento.  (A true and correct copy of

6  the Court's Notice of Case Management Conference and Order to Appear is attached hereto as

7  EXHIBIT "B.")

8  3.     Kenworth is an unincorporated division of PACCAR, Inc., who at the time this action was

9  commenced, was and still is a Delaware corporation with its principal place of business in

10  Bellevue, Washington.

11  4.     The Complaint alleges causes of action against Kenworth for negligence and strict

12  products liability for injuries allegedly suffered by Plaintiff when Plaintiff was exiting a tractor

13  allegedly manufactured by Kenworth.  Plaintiff's Complaint alleges that Plaintiff was holding the

14  grab bar when exiting the tractor, which ultimately gave way and caused Plaintiff to suffer

15  injuries.

16  5.     Plaintiff's Complaint seeks past and future general damages, past and future special

17  damages, prejudgment interest and costs of suit.  The Complaint, however, does not provide any

18  dollar amount for the damages sought by Plaintiff, and therefore, was not removable when it was

19  originally served on Kenworth.

20  6.     On May 31, 2013, Kenworth served Plaintiff with a Request for Statement of Damages,

21  pursuant to California Code of Civil Procedure section 425.11, in order to determine the nature

22  and amount of damages being sought by Plaintiff.  On June 17, 2013, Plaintiff served Kenworth

23  with his Statement of Damages, which states that Plaintiff is seeking damages in the total amount

24  of $4,065,000, exclusive of interest and costs, for the following: pain, suffering and

25  inconvenience; emotional distress; loss of earnings; and loss of future earning capacity.  (A true

26  and correct copy of Plaintiff's Statement of Damages is attached hereto as EXHIBIT "C.")

27  7.     Based on the filing of the Complaint in the Superior Court of California, County of

28  Sacramento, Kenworth is informed and believes that Plaintiff is an individual who is a citizen and

312472.1

NOTICE OF REMOVAL          (Case No.                    )

resident of the State of California.

8.     The above-described action is a civil action of which this court has original jurisdiction under the provisions of United States Code, Title 28, Section 1332, and is one that may be removed to this Court by Kenworth, pursuant to United States Code, Title 28, Section 1441, on the grounds that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

WHEREFORE, Kenworth respectfully prays that the above action now pending against it in the Superior Court of California, County of Sacramento, be removed therefrom to this Court.

Dated: June 27, 2013                        **BUCHMAN PROVINE BROTHERS SMITH** LLP


By:     /s/ Horace W. Green
        Horace W. Green
        Attorneys for Defendant
        Kenworth Truck Company, an unincorporated
        division of PACCAR, Inc.

BUCHMAN PROVINE BROTHERS SMITH LLP
ATTORNEYS AT LAW
WALNUT CREEK, CA

312472.1

- 3 -

NOTICE OF REMOVAL                              (Case No.                )

EXHIBIT "A"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:** KENWORTH TRUCK COMPANY, A
**(AVISO AL DEMANDADO):** DIVISION OF PACCAR, INC., and
DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** LOUIS MOCETTINI
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br><br>Sacramento County Superior Court<br>720 Ninth Street<br>Sacramento, CA 95814 | CASE NUMBER:<br>(Número del Caso):<br>34 2013 00142016 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
ANTHONY M. ONTIVEROS, SBN 152758                              (916) 924-3100      (916) 924-1829
CLAYEO C. ARNOLD
A PROFESSIONAL LAW CORPORATION
865 HOWE AVENUE, SACRAMENTO, CA 95825

| DATE:<br>(Fecha)   APR 3 0 2013 | Clerk, by  E. MEDINA<br>(Secretario) | , Deputy<br>(Adjunto) |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ANTHONY M. ONTIVEROS, SBN 152758 CLAYEO C. ARNOLD A PROFESSIONAL LAW CORPORATION 865 HOWE AVENUE SACRAMENTO, CA 95825 TELEPHONE NO.: (916)924-3100   FAX NO.: (916)924-1829 ATTORNEY FOR (Name): Plaintiff | **FILED** Superior Court Of California, Sacramento 04/03/2013 emedina By_____, Deputy Case Number: **34-2013-00142696** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

| CASE NAME: MOCETTINI v. KENWORTH TRUCK COMPANY, A DIVISION OF PACCAR, INC., and DOES 1 through 25, inclusive |
|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): Two

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 3, 2013

ANTHONY M. ONTIVEROS, SBN 152758
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Legal Solutions Plus

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET<br>MAILING ADDRESS: 720 Ninth STREET<br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br>BRANCH NAME: Gordon D Schaber Courthouse<br>PHONE NUMBER: (916) 874-5522 | |

| SHORT TITLE: Mocettini vs. Kenworth Truck Company | |
|---|---|

| **NOTICE OF CASE MANAGEMENT CONFERENCE**<br>**AND ORDER TO APPEAR** | CASE NUMBER:<br>34-2013-00142696-CU-PL-GDS |
|---|---|

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 09/19/2013 in Department 36 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**

Prior to the filing of the case management statement, the parties should have done the following:
- Served all parties named in the complaint within 60 days after the summons has been issued
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR    Page: 1

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 04/30/2013

_Gerrit W Wood_

Gerrit W. Wood, Judge of the Superior Court

---

1  Clayeo C. Arnold, SBN 65070
   Anthony M. Ontiveros, SBN 152758
2  Kiersta D. Perlee, SBN 187675
   **CLAYEO C. ARNOLD**
3  **A Professional Law Corporation**
   865 Howe Avenue
4  Sacramento, CA 95825
   Tel: (916) 924-3100
5  Fax: (916) 924-1829
   Email: aontiveros@justice4you.com
6        kperlee@justice4you.com

7  Attorneys for Plaintiff LOUIS MOCETTINI

FILED
Superior Court Of California,
Sacramento
04/03/2013
emedina
By _____, Deputy
Case Number:
**34-2013-00142696**

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SACRAMENTO

10

11 LOUIS MOCETTINI,                    )   Case No.:
                                       )
12        Plaintiff,                    )   **COMPLAINT FOR DAMAGES FOR**
                                       )   **NEGLIGENCE AND STRICT**
13 vs.                                 )   **PRODUCTS LIABILITY; AND**
                                       )   **DEMAND FOR JURY TRIAL**
14 KENWORTH TRUCK COMPANY, A           )
   DIVISION OF PACCAR, INC., and       )   **[Damages exceed $25,000]**
15 DOES 1 through 25, inclusive,       )
                                       )
16        Defendants,                  )

17        Plaintiff Louis Mocettini ("Plaintiff") alleges against Defendant Kenworth Trucking

18 Company, A Division of PACCAR, Inc. ("Kenworth"), and Does 1 through 25 as follows:

19                                 **I.**

20                      **FIRST CAUSE OF ACTION**

21        **(By Plaintiff Against All Defendants for Negligence)**

22        1.    The true names or capacities, whether individual, corporate, associate or

23 otherwise of Does 1 through 25, inclusive, are unknown to Plaintiff who therefore sues

24 defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges

25 that each of the defendants designated herein as a Doe is legally responsible in some

26 manner for the events and happenings alleged in this complaint.

27        2.    Plaintiff is further informed and believes and thereon alleges that the

28 defendants are and were at all times herein mentioned the agent, servant or employee of

---

Complaint for Damages

1

1    each of the other defendants and were at all times herein mentioned acting within the

2    course and scope of that agency, service and employment and acting with the consent and

3    knowledge of each other defendant.

4        3.    Plaintiff is informed and believes and thereon alleges that at all times herein

5    mentioned, Kenworth was a division of PACCAR, Inc., and both entities were engaged in

6    the business of manufacturing, designing, inspecting, testing, and selling tractors and their

7    component parts, including fixed grab bars, in the State of California and elsewhere.

8        4.    On or about April 7, 2011, on the Travis Air Force Base runway, Plaintiff was

9    using in a foreseeable manner a Kenworth tractor and its grab bar manufactured, designed,

10    inspected, tested, and/or sold by the defendants.

11        5.    At said time and place, defendants had so negligently and carelessly

12    manufactured, designed, inspected, tested, and/or sold the subject tractor so as to cause

13    the tractor's grab bar to give way, causing Plaintiff to suffer the injuries and damages

14    described below.

15        6.    As a direct result of the defendants' careless and negligent acts, Plaintiff has

16    suffered and will continue to suffer general damages, including physical pain, mental

17    suffering, and loss of enjoyment of life, in an amount to be proven at the time of trial.

18        7.    As a further direct result of the defendants' careless and negligent acts,

19    Plaintiff has incurred and will continue to incur special damages, including wage loss, loss

20    of earning capacity, medical expenses, incidental expenses, and loss of household services

21    in an amount to be proven at the time of trial.

22        8.    Prejudgment interest on the damages alleged herein should be awarded

23    should judgment for Plaintiff be rendered, and said sum should be calculated from the time

24    the cause of action arose or as provided in the California Civil Code.

25    ///

26    ///

27    ///

28    ///

Complaint for Damages

## II.

## SECOND CAUSE OF ACTION

### (By Plaintiff Against All Defendants for Strict Products Liability)

9.     Plaintiff re-alleges and incorporates herein by this reference as though set forth in full each and every allegation contained in paragraphs in 1 through 8 above.

10.     At all times herein mentioned, defendants, designed, manufactured, assembled, tested, inspected, promoted, advertised, offered for sale, sold or otherwise placed in the stream of commerce the Kenworth tractor, which was dangerous, defective, hazardous, and unsafe in its manufacture and design, and which was capable of causing, and did in fact cause, serious and permanent injuries when used in a foreseeable manner, thereby rendering it unsafe and dangerous to the consumer.

11.     As a direct result of the dangerous and defective design, manufacture, warning, assembly, testing, inspection, promotion, advertising, and selling of the defendants' Kenworth tractor, Plaintiff has suffered and will continue to suffer general damages, including physical pain, mental suffering, and loss of enjoyment of life, in an amount to be proven at the time of trial.

12.     As a further direct result of the dangerous and defective design, manufacture, warning, assembly, testing, inspection, promotion, advertising, and selling of the defendants' Kenworth tractor, Plaintiff has incurred and will continue to incur special damages, including wage loss, loss of earning capacity, medical expenses, incidental expenses, and loss of household services in an amount to be proven at the time of trial.

13.     Prejudgment interest on the damages alleged herein should be awarded should judgment for plaintiff be rendered, and that said sum should be calculated from the time the cause of action arose or as provided in the California Civil Code.

///
///
///
///

Complaint for Damages

## III.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against defendants for both causes of action, as follows:

1.  For past and future general damages, including physical pain, mental suffering, and loss of enjoyment of life according to proof;

2.  For past and future special damages, including wage loss, loss of earning capacity, medical expenses, incidental expenses, and loss of household services according to proof;

3.  For prejudgment interest on the award for damages rendered in favor of Plaintiff, calculated from the time the cause of action arose, or as provided in the California Civil Code;

4.  For costs of suit; and

5.  For such other and further relief as the court deems proper.

## IV.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of each cause of action set forth in this complaint and the issues in this matter.

Date: April 3, 2013

CLAYEO C. ARNOLD
A Professional Law Corporation

By: _____
ANTHONY M. ONTIVEROS
Attorney for Plaintiff

Complaint for Damages

4



# Civil Case Packet



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 9th Street**
**Sacramento, CA 95814**
**(916) 874-5522—Website www.saccourt.ca.gov**

# ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences

- Private judging
- Neutral evaluation

- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial



<u>Superior Court of California, County of Sacramento</u>
Case Management

**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference.

Note: A *Mediation Statement* must be filed with the *Case Management Statement.*

**ADR Procedures for the Sacramento County Superior Court**

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant will receive this information sheet from the Superior Court Clerk. Plaintiff is required to include the ADR Information Sheet when he or she serves the Complaint on the Defendant.

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. A *Stipulation and Order to Mediation* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference (CMC). The parties may choose either of the following Mediation choices:

> **Private Mediation.** Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).

> **Court Mediation.** Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List) and compensated pursuant to Local Rule 12.23. The court will confirm the selected Mediator and notice parties by mail.

> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to the court's payment schedule of $200 for up to 3 hours of Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will be independently be responsible for compensating the Mediator in an amount as set by the Mediator.

The court's ADR Panel List is available on-line at                                        or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. In that event, parties must submit a *Stipulation and Order to Mediation (see attached)* within 14 calendar days after their CMC.

**Arbitration**
If the parties do not stipulate to Mediation - plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and an alternate Arbitrator from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 12, Part 2. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

**Additional Information**

For more information on the specific ADR programs of the Sacramento Superior Court, please review the Local Rules of the Sacramento Superior Court, available at all court locations and on-line at
Alternative Dispute Resolution

CV\E-100 (Rev 03.20.2009)                                                                                     Page 2 of 2



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 9th Street**
**Sacramento, CA 95814**
**916-874-5522—www.saccourt.ca.gov**

## CIVIL DEPARTMENT ASSIGNMENT INFORMATION

Implementation of the Court Case Management System has changed the way cases are assigned to the Case Management Program, Law and Motion and Minor's Compromise departments. If your case was filed with the Court prior to the implementation of CCMS, please refer to the chart outlining department assignments for Legacy Cases. If your case was filed with the Court after implementation of CCMS, please refer to the chart outlining department assignments for CCMS Cases.

### Department Assignments for Legacy Cases

Legacy cases are assigned to CMP and Minors Compromise departments using the last two digits of the case number. Law and Motion matters are assigned on an odd/even basis. Legacy Cases are cases that were filed with the Court prior to November 5, 2007. Legacy case numbers are formatted as follows: *07AS03344 or 05AM05566.*

| Case Number Ending | Case Management Program | Minors Compromise |
|---|---|---|
| 50 – 74 | Department 39 | Department 22 |
| 25 – 49 | Department 35 | Department 14 |
| 75 – 99 | Department 44 | Department 38 |
| 00 – 24 | Department 45 | Department 24 |

### Department Assignments for CCMS Initiated Cases

CCMS initiated cases are assigned by the system to the CMP departments using a round robin methodology. The Law & Motion and Minors Compromise departments are based on the CMP department assignment. CCMS initiated cases are cases that were filed with the Court after the implementation of CCMS, November 5, 2007 or after. CCMS case numbers are formatted as follows: *34-2008-0001122.*

| Case Management Program | Law & Motion | Minors Compromise |
|---|---|---|
| Department 39 | Department 54 | Department 22 |
| Department 35 | Department 54 | Department 14 |
| Department 44 | Department 53 | Department 38 |
| Department 45 | Department 53 | Department 24 |

For additional information relative to department assignments or accessing Court tentative rulings, visit our website.

| COURT'S WEB SITE – WWW.SACCOURT.CA.GOV |
|---|

---

Civil Department Assignment Information

CV\E-186 (Rev 06.07.10)                                                                 Page 1 of 1



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 Ninth Street**
**Sacramento, CA 95814-1380**
**(916) 874-5522—Website www.saccourt.ca.gov**

# ORDER TO FILE CASE MANAGEMENT STATEMENT
# LIMITED CIVIL CASE

## Case Management Conference
By order of the court, a case management conference will not be held in limited civil cases unless specifically ordered by the court pursuant to Local Rule 11.05(d) CMP.

## Case Management Statement
You must file and serve a case management statement no later than 180 days after the complaint is filed. Parties are encouraged to file a single joint case management statement. If a single joint statement is not filed for all parties, plaintiff shall file and serve a statement of disputed issues on a form provided by the court as an addendum to plaintiff's case management statement.

## Hearing
No hearing will be required unless ordered by the court.

## Minimum Requirements
Prior to the filing of the case management statement, the parties should have done the following:
- Served all parties named in the complaint within 60 days after it is filed;
- Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered;
- Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein relating to the prosecution of this case.

## Case Management Orders
The court will issue a case management order after reviewing the case management statement.

## Service of Case Management Notice
Unless otherwise ordered by the court, plaintiff shall serve all other parties with a copy of this order. The cross-complainant shall have the same obligation with respect to the cross-complaint.

## Certification Filed in Lieu of Case Management Statement
Parties may file a certification on a form provided by the court in lieu of the case management statement no later than 180 days after the complaint is filed if the case is a short cause (five hours or less of trial time), the pleading stage is complete and the case will be ready for trial within 60 days. In that event, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days.

## Compliance
Failure to comply with this order may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

## NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT



**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 Ninth Street**
**Sacramento, CA  95814-1380**
**(916) 874-5522—Website www.saccourt.ca.gov**

**Program Case Notice**
Unlimited Civil Case

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 3.712(b) and (c):

| Action | Requirement |
|---|---|
| Service of Summons | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days from the filing of the complaint. |
| | When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within 30 days after the filing of the amended complaint. |
| | A cross-complaint adding a new party must be served and proofs of service must be filed with the court 30 days from the filing of the cross-complaint. |
| Statement of Damages | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| Certificate of Service/Ex Parte Application | Within 75 days of the filing of the complaint, plaintiff must file a certificate of service or an Ex Parte Application for Extension of Time to Serve Pleading on a form provided by the Judicial Council. |
| Responsive Pleadings | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within 10 days after the time for service has elapsed must file a request for entry of default. |
| | Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint. |
| | No extensions of time to respond beyond 105 days from the filing of the complaint may be given. |
| Judgment by Default | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within 45 days after entry of default, unless the court has granted an extension of time. |
| Case Management Statement | The court will serve a notice of case management conference on all parties approximately 120 days after the complaint is filed.  A case management conference statement shall be filed at least 15 calendar days prior to the date set for the case management conference. |
| Meet and Confer | Parties must meet and confer, in person or by telephone as required in California Rules of Court 3.724 at least 30 calendar days before the case management conference date. |
| Case Management Conference | A case management conference is generally held within 180 days of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause.  Please refer to Local Rule 11.00 for more information.

**NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.**

Program Case Notice (Unlimited Civil Case)

CV\E-143 (Rev 8.14.2008)                                                                   Page 1 of 1
Local Form Adopted for Mandatory Use



# SUPERIOR COURT OF CALIFORNIA
## County of Sacramento
### 720 9th Street
### Sacramento, CA 95814
### 916-874-5522—Website www.saccourt.ca.gov

## TENTATIVE RULING INFORMATION

### What is a Tentative Ruling

Prior to a hearing, the Court may issue a tentative ruling. The tentative ruling will become the order of the Court, and no hearing will be held, unless a party requests and appearance. A party requesting an appearance must advise the department clerk and the opposing party no later than 4:00 p.m. on the court day before the hearing.

### Access to Tentative Rulings

Tentative Rulings are available after 2:00 p.m. on the court day before the matter is heard. Tentative rulings may be viewed through the courts online services at www.saccourt.ca.gov, via the "View Civil and Probate Documents and Tentative Rulings" link on the Home page. Instructions will be available as to how to search for the tentative rulings.

If you do not have internet access, a clerk will read the tentative rulings to you over the phone. To obtain that service, you may contact the court using the below phone numbers:

Law & Motion and Presiding Judge (Dept 47)
- Call 916-874-8142 and a clerk will read the tentative ruling to you

Case Management Program (CMP)
- Call the appropriate information number below:

| Case Management Program | Information Phone Numbers |
|---|---|
| Department 35 | 916-874-5739 |
| Department 39 | 916-874-1654 |
| Department 44 | 916-874-5741 |
| Department 36 | 916-874-5740 |

### Advising Clerk of Appearance

Please refer to the Local Rules to obtain the telephone numbers to use when requesting an appearance.

See Local Rules for additional information:
2.02 (D) - Presiding Judge (Dept 47)
3.04 - Law & Motion
11.00.5 - Case Management Program (CMP)

---

### COURT'S WEB SITE – WWW.SACCOURT.CA.GOV

---



CORPORATION SERVICE COMPANY®

**null-/ ALL**
**Transmittal Number: 11163209**
**Date Processed: 05/13/2013**

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Pamela Tonglao<br>PACCAR Inc<br>PO Box 1518<br>Bellevue, WA 98009 |
| Copy of transmittal only provided to: | Ms. Linda Della Rossa |

| | |
|---|---|
| Entity: | Kenworth Truck Company<br>Entity ID Number 0440388 |
| Entity Served: | Kenworth Truck Company |
| Title of Action: | Louis Mocettini vs. Kenworth Truck Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Product Liability |
| Court/Agency: | Sacramento County Superior Court, California |
| Case/Reference No: | 34-2013-00142696 |
| Jurisdiction Served: | California |
| Date Served on CSC: | 05/10/2013 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Anthony M. Ontiveros<br>916-924-3100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

EXHIBIT "B"

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET<br>MAILING ADDRESS: 720 Ninth STREET<br>CITY AND ZIPCODE:  Sacramento, CA 95814-1311<br>BRANCH NAME:  Gordon D Schaber Courthouse<br>PHONE NUMBER:  (916) 874-5522 | |

| SHORT TITLE:  Mocettini vs. Kenworth Truck Company | |
|---|---|

| NOTICE OF CASE MANAGEMENT CONFERENCE<br>AND ORDER TO APPEAR | CASE NUMBER:<br>34-2013-00142696-CU-PL-GDS |
|---|---|

### Hearing Date

The above entitled action has been set for a case management conference at 08:30 AM  on 09/19/2013 in Department  36  in accordance with California Rules of Court 212.  You must be familiar with the case and fully prepared to participate effectively in the case management conference.

### Case Management Statement

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

### Minimum Requirements

Prior to the filing of the case management statement, the parties should have done the following:
-Served all parties named in the complaint within 60 days after the summons has been issued
-Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
-Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

### Tentative Ruling

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the  Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

### Case Management Orders

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

### Service of Case Management Notice

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

### Certification Filed in Lieu of Case Management Statement

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.


Dated: 04/30/2013

Gerrit W. Wood, Judge of the Superior Court

EXHIBIT "C"

**- DO NOT FILE WITH THE COURT -**
**- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -**

CIV-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| ANTHONY M. ONTIVEROS, SBN 15275<br>KIERSTA D. PERLEE, SBN 187675<br>CLAYEO C. ARNOLD<br>A PROFESSIONAL LAW CORPORATION<br>865 HOWE AVENUE, SACRAMENTO, CA 95825 | (916)924-3100 | |

ATTORNEY FOR (name):  Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Sacramento
STREET ADDRESS:  720 Ninth Street
MAILING ADDRESS:
CITY AND ZIP CODE:  Sacramento, CA 95814
BRANCH NAME:

PLAINTIFF:  LOUIS MOCETTINI
DEFENDANT:  KENWORTH TRUCK COMPANY, A DIVISION OF PACCAR, INC.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>34-2013-00142696 |
|---|---|

To (name of one defendant only):   KENWORTH TRUCK COMPANY, A DIVISION OF PACCAR, INC.
Plaintiff (name of one plaintiff only):   LOUIS MOCETTINI
seeks damages in the above-entitled action, as follows:

                                                                                          AMOUNT

1. **General damages**
   a. [X] Pain, suffering, and inconvenience . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 2,000,000.
   b. [X] Emotional distress  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 1,000,000.
   c. [ ] Loss of consortium . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 0.00
   d. [ ] Loss of society and companionship (wrongful death actions only) . . . . . . . . . . . . . . . . . $ 0.00
   e. [ ] Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 0.00
   f. [ ] Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 0.00
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [X] Medical expenses (to date) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ Unknown
   b. [X] Future medical expenses (present value) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ Unknown
   c. [X] Loss of earnings (to date) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 65,000.00
   d. [X] Loss of future earning capacity (present value) . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 1,000,000.
   e. [ ] Property damage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 0.00
   f. [ ] Funeral expenses (wrongful death actions only) . . . . . . . . . . . . . . . . . . . . . . . . . .$ 0.00
   g. [ ] Future contributions (present value) (wrongful death actions only) . . . . . . . . . . . . . . .$ 0.00
   h. [ ] Value of personal service, advice, or training (wrongful death actions only) . . . . . . . . . . . . . $ 0.00
   i. [ ] Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 0.00
   j. [ ] Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .$ 0.00
   k. [ ] Continued on Attachment 2.k.

3. [ ]  **Punitive damages:**  Plaintiff reserves the right to seek punitive damages in the amount of (specify). .$ 0.00
        when pursuing a judgment in the suit filed against you.

Date: June 17, 2013

ANTHONY M. ONTIVEROS, SBN 15275
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)                                                           Page 1 of 2

STATEMENT OF DAMAGES
                                 (Personal Injury or Wrongful Death)       Legal Solutions Plus       Code of Civil Procedure, §§ 425.11, 425.115

Re:   **Mocettini, Louis v. Kenworth Trucking Company, A Division of PACCAR, Inc., et al.**
**Sacramento County Superior Court**
**Case No.: 34-2013-00142696**

### PROOF OF SERVICE

I, Susie Duenas, declare and state:

I am a citizen of the United States, over 18 years of age, employed in the County of Sacramento, and not a party to the within action. My business address is 865 Howe Avenue, Sacramento, CA 95825.

On the below date, I served the within **STATEMENT OF DAMAGES** on the following parties in said action by placing a true copy thereof enclosed in a sealed envelope by:

[X]   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California. I am familiar with my firm's practice whereby the mail is given the appropriate postage and is placed in the designated area to be deposited in a U.S. mail box in Sacramento, California, in the ordinary course of business;

[]   (BY EXPRESS MAIL) I caused such envelope to be placed in the U.S. Mail/UPS depository at Sacramento, California; overnight service;

[]   (BY PERSONAL SERVICE) delivered by hand to addressee at the address listed below;

[]   (BY FACSIMILE/TELECOPIER) I personally sent to the addressee's telecopier number (stated below) a true copy of the above-described documents.

[]   (BY TRANSMITTING VIA EMAIL OR ELECTRONIC TRANSMISSION) the document(s) listed above to the addressees listed on the attached service list at the email addresses listed thereon.

| | |
|---|---|
| Horace W. Green, Esq.<br>BUCHMAN PROVINE BROTHERS SMITH LLP<br>1333 N. California Boulevard, Suite 350<br>Walnut Creek, CA 94596 | Attorneys for Defendant,<br>KENWORTH TRUCK COMPANY, A<br>DIVISION OF PACCAR, INC.<br><br>Tel:   (925) 944-9700<br>Fax:   (925) 944-9701 |
| Eric Hester, Esq.<br>McMonagle, Steinberg & Hester<br>1851 Heritage Lane, Suite 205<br>Sacramento, CA 95815-4949 | WORKERS' COMPENSATION<br>INSURANCE<br><br>Tel:   (916)568-1160<br>Fax:   (916)568-1166 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on June 17, 2013 at Sacramento, California.

/s/ Susie Duenas